IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY FINNEY, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 16-1324-LPS |
| | : |
| DAVID PIERCE, Warden, and | : |
| ATTORNEY GENERAL OF THE STATE | : |
| OF DELAWARE, | : |
| | : |
| Respondents. | : |

## **MEMORANDUM**

Presently pending before the Court is Petitioner Johnny Finney's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) He challenges a sentence imposed for his violation of probation ("VOP") on the grounds that the sentence violates "DE Const. Art. 1 § 7" and "DE Const. Art. 1 § 11." (D.I. 1 at 5) The Court sent an initial AEDPA Order and Election Form notifying Petitioner that AEDPA (28 U.S.C. § 2244) applies to his Petition. (D.I. 3) Petitioner filed his AEDPA Election Form indicating that he wished the Court to rule on the Petition as currently pending. (D.I. 4)

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

Petitioner's contention that his VOP sentence violates certain provisions of the Delaware Constitution is a matter of state law that does not provide a proper basis for federal habeas relief. Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition. (D.I. 1) The Court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: October 4, 2018

_____
UNITED STATES DISTRICT JUDGE